IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JACKIE CARTER,

Plaintiff,

v.

OPINION AND ORDER

14-cv-512-wmc

ZIEGLER, PISCHKES, HASON, JAMES, MELBY, LIESER, MEISNER, HAUTAMAKI, MORGAN, GREER, ANDERSON, and DR. CORRELL,

Defendants.

Pending before the court is a motion for summary judgment on plaintiff's First Amendment retaliation claim against defendant Ziegler, as well as his Eighth Amendment deliberate indifference claim against the remaining defendants. (Dkt. #32.) Instead of filing an opposition to defendants' motion, plaintiff Jackie Carter, who is proceeding *pro se*, filed a motion for assistance in recruiting counsel and to stay the case. (Dkt. #49.) That motion will be denied without prejudice.

As a frequent filer, Carter is well aware that there is no right to representation by counsel in pursuing a civil claim. Instead, a plaintiff must demonstrate that he has made reasonable efforts to find a lawyer on his own and has been unsuccessful, or that he has been prevented from making such efforts. *Jackson v. County of McLean*, 953 F.2d 1070, 1072-73 (7th Cir. 1992). To prove that he has made reasonable efforts to find a lawyer, plaintiff must specifically give the court the names of at least three lawyers who denied plaintiff's request for representation. After that initial showing, the court will then determine whether the difficulties of this case exceed his capacity. *See Pruitt v. Mote*, 503

F.3d 647, 655 (7th Cir. 2007) (the central question in deciding whether to request counsel for an indigent civil litigant is "whether the difficulty of the case -- factually and legally -- exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself").

To date, Carter represents only that he spoke with the attorney, Gabriel Galloway, who represented him on a *pro bono* basis in a separate case, but is apparently not available to assist him at this time. Carter will need to file a motion that meets these requirements before the court will be in a position to assess his request.

Either way, given plaintiff's demonstrated capacity to present himself *pro se* with regard to similar (if not nearly identical) claims against other DOC defendants, *see Carter v. Meisner* (12-cv-574-wmc), there is no reason to further delay consideration of defendants' motion for summary judgment. Indeed, a response may assist the court in determining whether Carter's claims merit efforts to recruit *pro se* counsel, who as the court has noted in the past is a limited resource.

Because plaintiff failed to file a timely opposition to that motion, defendants responded with a motion to dismiss for failure to prosecute. (Dkt. #50.) The court will also deny that motion without prejudice at this time, and it will provide Carter an opportunity to respond to defendants' motion for summary judgment. That opposition is now due August 9, 2016 and no further extensions will be granted except for good cause shown. Defendants' reply, if any, will be due 10 days thereafter. In the meantime, should Carter opt to file a new motion for recruitment of counsel that meets the

requirements outlined above, the court will consider that motion in conjunction with his opposition to summary judgment.

ORDER

IT IS ORDERED that:

1) Plaintiff's motion for assistance in recruiting counsel and to stay case (dkt. #49) is DENIED without prejudice.

2) Defendants' motion to dismiss for failure to prosecute (dkt. #50) is DENIED without prejudice.

3) Plaintiff's opposition to defendants' motion for summary judgment is now due August 30, 2016; defendants' reply is due 10 days thereafter.

Entered this 16th day of August, 2016.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge