IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JACKIE CARTER,

       Plaintiff,       ORDER

v.

                   14-cv-512-wmc

ZIEGLER, PISCHKES, HASON, JAMES,
MELBY, LIESER, MEISNER, HAUTAMAKI,
MORGAN, GREER, ANDERSON, and DR.
CORRELL,

       Defendants.

On December 20, 2016, the court issued an opinion and order granting defendants' motion for summary judgment, and directing the clerk of court enter judgment in their favor. (Dkt. #57; Judgment (dkt. #58).) In that opinion and order, the court pointed out Carter's failure to comply with this court's guidelines on summary judgment, which require a plaintiff to respond to defendants' proposed findings of fact by numbered paragraph, something he knows full well as a frequent filer in this district. (12/20/16 Op. & Order (dkt. #57) 1-2.) Still, as explained in that opinion, the court expressed sympathy to plaintiff's *pro se* position, and reviewed "his submission liberally, including reviewing materials attached to his complaint and filed independent of any motion or response to defendants' motion." (*Id.*)

Despite that liberal approach, the court nevertheless found that his claims failed as a matter of law. Specifically, with respect to his First Amendment retaliation claim, the court concluded that his August 2013 letter was not protected speech under the First Amendment, and with respect to his Eighth Amendment deliberate indifference claim,

that no reasonable jury could find defendants acted recklessly in their treatment of his medical needs on the facts of record.

In response to that opinion and order, Carter filed a letter, which the court will construe as a motion for reconsideration. (Dkt. #59.) In the two-page submission, Carter raises concerns that the court dismissed his case because he failed to follow the procedures, directs the courts to his filings, and offers to submit additional unidentified evidence. As explained above, while the court was critical of Carter's failure to follow procedures -- which are clearly described for all *pro se* litigants generally and certainly familiar to Carter personally -- defendants' motion for summary judgment was not granted on that basis. Instead, the court reviewed all of the materials Carter submitted to the court, and as explained in its opinion, it concluded that his claims failed as a matter of law on the undisputed facts.

Accordingly, Carter offers *no* basis in his letter for the court to reexamine that decision, and his motion for reconsideration (dkt. #59) is DENIED.

Entered this 2nd day of May, 2017.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge